UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD CHRIS-WILLIAM JAMES,

    Petitioner,

v.

    CASE NO. 18-CV-11820
    HONORABLE MARK A. GOLDSMITH

NOAH NAGY,

    Respondent.

_____/

**OPINION & ORDER
(1) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS (Dkt. 1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michigan prisoner Donald Chris-William James ("Petitioner"), through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to possession with intent to deliver 50 to 449 grams of cocaine and possession of a firearm during the commission of a felony in the Wayne County Circuit Court and was sentenced to consecutive terms of two to 20 years imprisonment and two years imprisonment in 2017. In his petition, he raises Fourth Amendment claims.

**I. DISCUSSION**

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the

Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases; Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. Carson v. Burke, 178 F.3d 434, 436-37 (6th Cir. 1999).

Petitioner raises Fourth Amendment claims challenging the validity of a search warrant executed at a residence in Taylor, Michigan in 2015. He also asserts that he was not given a full and fair opportunity to litigate his Fourth Amendment issues in the state courts. Following his arrest, Petitioner moved to suppress the evidence obtained during the search. The state trial court conducted a hearing and denied his motion, but stayed the proceedings pending Petitioner's interlocutory appeal. See Pet. at 2-7, PageID.10-15 (Dkt. 1). Petitioner filed an interlocutory application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to persuade the Court of the need for immediate appellate review." People v. James, No. 334303 (Mich. Ct. App. Sept. 9, 2016). The court also denied his request for reconsideration. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. James, 500 Mich. 935, 889 N.W.2d 262 (2017).

On June 1, 2017, Petitioner tendered a conditional plea which allowed him to pursue the suppression issue on direct appeal and to remain free on bond pending the appeal. See Pet. at 8, PageID.16. Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied "for lack of merit in the grounds presented." People v. James, No. 338906 (Mich. Ct. App. Aug. 29, 2017). Petitioner also filed an application for leave to appeal

2

with the Michigan Supreme Court, which was denied in a standard order. People v. James, 906 N.W.2d 780 (Mich. 2018).

Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. Stone v. Powell, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000) (quoting Riley v. Gray, 674 F.2d 522 (6th Cir. 1982)).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." Robinson v. Jackson, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. See People v. Ferguson, 135 N.W.2d 357, 358-359 (Mich. 1965) (describing the availability of a pre-trial motion to suppress); see also People v. Harris, 291 N.W.2d 97, 99 (Mich. Ct. App. 1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal). Consequently, Petitioner is entitled to relief on this issue only if he establishes that he was prevented from litigating the Fourth Amendment issue by a failure of Michigan's procedural mechanism.

Petitioner fails to do so. The record reveals that Petitioner moved to suppress the evidence seized during the search prior to his plea. The state trial court conducted a hearing and denied the motion. Petitioner challenged the validity of the search on interlocutory appeal, but the state

appellate courts denied his requests to proceed in that fashion. Following his conditional plea, Petitioner again challenged the validity of the search on direct appeal and the state appellate courts denied relief. Consequently, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claims and that he received all the process he was due.

Petitioner asserts that he was denied a full and fair opportunity to litigate his Fourth Amendment claim because he could only appeal his plea-based convictions pursuant to an application for leave to appeal with the Michigan Court of Appeals and not an appeal of right. The fact that Petitioner's direct appeal was limited to an application for leave to appeal does not mean that he did not have a full and fair opportunity to litigate his Fourth Amendment claims. See Good v. Berghuis, 729 F.3d 636, 639 (6th Cir. 2013) (the "Powell 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim"). Moreover, the Michigan Court of Appeals considered his application on direct appeal and denied leave to appeal for lack of merit in the grounds presented. Petitioner thus had several opportunities to raise his Fourth Amendment claims before the state trial and appellate courts. His Fourth Amendment claims are not cognizable on habeas review pursuant to Stone v. Powell and must be dismissed.

## II. CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on his Fourth Amendment claims and his petition must be dismissed.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

4

U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Id. The Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

Accordingly, the Court dismisses with prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: August 23, 2018           s/Mark A. Goldsmith
Detroit, Michigan           MARK A. GOLDSMITH
         United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 23, 2018.

         s/Karri Sandusky
         Case Manager